IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SERGIO VASQUEZ-TORRES, aka JAMIE CEJA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 116-020 |
| RICHMOND COUNTY SHERIFF'S DEPT; JOEL DANKO, DEA-Task Force; RONALD STRENGTH, Sheriff, Richmond County; and ASHLEY WRIGHT, District Attorney, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed the above-captioned case on February 17, 2016, and because he was proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 7.) The Court explained that Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 1-3.) The Court specifically informed Plaintiff that, under Fed. R. Civ. P. 4(m), he had ninety days from the date the complaint was filed to accomplish service and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 4.) However, because most of the time for service had expired by the time Plaintiff submitted the $350.00 filing fee, the Court granted Plaintiff ninety days from April 25, 2016 to effect

service. (Id.)  Now, the ninety days allowed for service has elapsed, and there is no evidence Defendant Ronald Strength has been served.

As amended in 1993, Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances that warrant an extension of time.  Henderson v. U.S., 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain the reason(s) for the delay in service of process and why Defendant Ronald Strength should not be dismissed without prejudice for failure to timely effect service.  In addition, the Court reminds Plaintiff that requesting waiver of service is distinct from personally serving Defendants and that if Defendants do not return the waivers then he must arrange personal service in accordance with Fed. R. Civ. P. 4(e).  The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

SO ORDERED this 10th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA