IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SERGIO VASQUEZ-TORRES, aka JAMIE CEJA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 116-020 |
| RICHMOND COUNTY SHERIFF'S DEPT; JOEL DANKO, DEA-Task Force; RONALD STRENGTH, Sheriff, Richmond County; and ASHLEY WRIGHT, District Attorney, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate at the United States Penitentiary in Atwater, California,[1] brings suit under 42 U.S.C. § 1983 alleging Defendants conspired to violate his constitutional rights and illegally extradited him to the Southern District of Georgia to face criminal prosecution.[2] (Doc. no. 1, pp. 5-6.) Before the Court are Defendants' motions to dismiss and Plaintiff's motions for default judgment and for judicial notice. (Doc. nos. 11, 15, 22,

---

[1] Plaintiff is not presently incarcerated at USP Atwater and is currently detained at McDuffie County Jail pending a hearing on his § 2255 motion. The Court **DIRECTS** the **CLERK** to serve Plaintiff at his present address: 751 Public Safety Drive, Thomson, Georgia 30824.

[2] Plaintiff originally sought to proceed *in forma pauperis* ("IFP"). (Doc. no. 4.) The Court conditionally granted Plaintiff IFP status pending his compliance with the Court's Order dated March 9, 2016. (Doc. no. 6.) Before he complied, however, Plaintiff paid the $350.00 filing fee.

27, 37, 39.) The Court **REPORTS** and **RECOMMENDS** Defendants' motions to dismiss be **GRANTED** (doc. nos. 11, 15, 27, 37), Defendant Strength be **DISMISSED** for Plaintiff's failure to timely effect service, Plaintiff's motions for default judgment and for judicial notice be **DENIED** (doc. nos. 22, 39), final judgment be **ENTERED** in favor of Defendants, and this civil action be **CLOSED**.

## I. BACKGROUND

### A. Plaintiff's Underlying Criminal Conviction

In August 2011, law enforcement arrested Plaintiff in North Augusta, South Carolina after he and an accomplice allegedly sold cocaine to a cooperating witness. United States v. Ceja, 543 F. App'x 948, 950 (11th Cir. 2013). After his arrest, Plaintiff admitted to supplying the informant with cocaine, having ties to the Mexican drug cartel "La Familia," and receiving hundreds of pounds of marijuana from the cartel. Id. Plaintiff initially agreed to cooperate with law enforcement and was released, but fled to Tijuana, Mexico, and informed investigators he was no longer willing to cooperate. Id.

In September 2011, Mexican military intelligence agents arrested Plaintiff in Tijuana, blindfolded him, pushed him into an SUV, and beat him. Id. at 952. Plaintiff told the agents he was a Mexican citizen, his real name was Sergio Vasquez Torres, and he used the false name "Jamie Ceja" so he could work in the United States. Id. After thirty hours, the agents released him. Id. Two weeks later, the agents arrested Plaintiff again, pointed rifles in his face, beat him, and took his wallet, watch, laptop and cell phones. Id. After transport to the National Institution of Mexican Immigration, Plaintiff "overheard officials . . . discussing

'problems with the papers from the United States' . . . and whether he should be turned over given that he was a Mexican citizen." Id. Mexican officers took Plaintiff to the American border and turned him over to an American immigration officer. Id. The immigration officer took Plaintiff to the San Diego Division of the Southern District of California, which transferred Plaintiff to Georgia based on an outstanding arrest warrant. Id.

In the Southern District of Georgia, a jury convicted Plaintiff of (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and less than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846, and (2) possession with intent to distribute more than five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. United States v. Ceja, CR 111-359, doc. no. 67 (S.D. Ga. Nov. 2, 2011) ("CR 111-359"). On January 22, 2013, the Honorable J. Randal Hall sentenced Plaintiff to 327 months incarceration. (Id., doc. no. 84.)

On appeal to the Eleventh Circuit Court of Appeals, Plaintiff argued the District Court had no personal jurisdiction over him because of the manner in which he was brought to the United States, the United States withheld his true identity from Mexican authorities, and Mexican military intelligence agents physically abused him. Ceja, 543 F. App'x at 952. In rejecting Plaintiff's arguments, the Eleventh Circuit found Plaintiff's abduction in Mexico and transfer to the United States did not violate the U.S. extradition treaty with Mexico. Id. at 953 ("The Supreme Court has held that 'our treaty with Mexico [does] not expressly forbid abductions to secure a defendant's presence.'") (citing United States v. Arbane, 446, F.3d 1223, 1225 (11th Cir. 2006)). The Eleventh Circuit also observed Plaintiff failed to

show any evidence the United States government was involved in his mistreatment by Mexican officials. Ceja, 543 F. App'x at 954.

### B. Plaintiff's Allegations in the Complaint

On February 17, 2016, Plaintiff filed the present action under 42 U.S.C. § 1983 against: (1) Richmond County Sheriff's Department; (2) Joel Danko, a Drug Enforcement Administration Task Force Officer; (3) Richmond County Sheriff Ronald Strength; and (4) District Attorney Ashley Wright. (Doc. no. 1.) Plaintiff alleges Defendants conspired with Mexican officials to violate his constitutional rights by circumventing Georgia extradition procedures and international treaties when they extradited him to the Southern District of Georgia to face criminal proceedings. (Id. at 5; doc. no. 2, p. 1.)

Plaintiff alleges Defendants felt "betrayed" by his escape to Mexico and initiated an international manhunt to capture him which included newspaper articles, state court wiretaps, and arrest warrant branding Plaintiff a fugitive. (Doc. no. 2, pp. 2-3.) Plaintiff avers the State of Georgia worked with Alfredo Arenas Morena and other Mexican intelligence agents to illegally smuggle him into the United States to avoid extradition protocols, and asserts the United States Department of Justice was also directly involved. (Id. at 4.) Plaintiff further asserts the State of Georgia conspired with other United States agencies to "abduct [Plaintiff] from his mother's residence, rob him and his family of assets, [and] kidnap and hold him for ransom." (Id. at 5.) Plaintiff alleges all Defendants "conspired" to "manipulate the system . . . to circumvent well established extradition procedures . . . ." (Doc. no. 1, p. 5.) For relief, Plaintiff requests $150 million. (Id. at 6.)

4

## II. DISCUSSION

### A. Motion to Dismiss Framework

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). The court must accept as true all facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and

5

conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). With these principles in mind, the Court turns its attention to the instant motions to dismiss.

**B.  Plaintiff's Claims Against All Defendants Are Barred By the Statute of Limitations.**

Regardless of whether Plaintiff asserts his claims under § 1983 or Bivens, they are barred by the statute of limitations. State law controls the length of the limitations period in § 1983 actions and Bivens actions. Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007); Erick v. Border Patrol of Florida State, 154 F. App'x 193, 194 (11th Cir. 2005) (applying statute of limitations in § 1983 actions to Bivens actions); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987).

In Georgia, claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. Although state law determines the limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Georgia. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62). The statute of limitations for § 1983 claims alleging improprieties in arrest and detainment begins to run when a plaintiff becomes detained pursuant to legal

process. See Kelsey v. Macon Bibb Cty. Bd. of Comm'rs, 647 F. App'x 1002, 1004 (11th Cir. 2016).

Here, Plaintiff's detention pursuant to legal process began with his arraignment on the drug charges in late November 2011 in the Southern District of Georgia. CR 111-359, doc. no. 9; White v. Hiers, 652 F. App'x 784, 786 (11th Cir. 2016) (finding plaintiff's limitations period for § 1983 claim began when he was arraigned). Even assuming, *arguendo*, Plaintiff's statute of limitations did not begin to run until the Eleventh Circuit affirmed his conviction on November 4, 2013, Plaintiff had until November 4, 2015, to file the present action but did not do so until February 17, 2016. By any measure, therefore, Plaintiff has filed this action outside of the applicable two-year statute of limitations, and it is time-barred.

Plaintiff argues the statute of limitations should be tolled under O.C.G.A. § 9-3-99 which provides:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.

(Doc. no. 34, p. 6.) By its plain language, § 9-3-99 pertains only to a *victim* of an alleged crime. Plaintiff is not a victim under § 9-3-99 as the Eleventh Circuit has already determined United States officials did not commit any violation of the law by accepting the transfer of Plaintiff from Mexican officials. Ceja, 543 F. App'x at 952-54. Accordingly, Plaintiff is not entitled to tolling of the two-year limitations period and his claims should be dismissed

7

against all defendants. Even if his claims were not time-barred, Plaintiff is not entitled to relief for the additional reasons explained *infra*.

## C.   Plaintiff Fails to State a Claim Against Any Defendant.

### 1.   Plaintiff Fails to State a Valid Conspiracy Claim Against Any Defendant.

Plaintiff alleges Defendants conspired with Mexican officials to violate his constitutional rights by circumventing Georgia extradition procedures and international treaties when they extradited him to the Southern District of Georgia to face criminal proceedings. (Doc. no. 1, pp. 5-6.) An attempted conspiracy claim supported only by conclusory, vague, and general allegations is subject to dismissal. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . It is not enough to simply aver in the complaint that a conspiracy existed."). To prevail on a conspiracy claim under § 1983, a plaintiff must (1) show that the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id.

Here, Plaintiff does not offer any specifics concerning how an agreement between Defendants may have been reached to violate Plaintiff's rights, and instead only makes the vague and conclusory assertion Defendants are guilty of conspiracy and conspired with

8

Mexican officials to illegally extradite him. (See doc. nos. 1-3.) Perhaps more importantly, the Eleventh Circuit has already rejected the crux of Plaintiff's claim, i.e. the allegation his transfer to the United States violated the applicable Mexican and American extradition treaty. Ceja, 543 F. App'x at 953. Accordingly, Plaintiff has failed to state a viable conspiracy claim and his conclusory assertions of conspiracy fail to state a claim upon which relief can be granted. See Kearson, 763 F.2d at 407.

### 2. Plaintiff Fails to State a Claim against Defendant Richmond County Sheriff's Department.

Plaintiff has failed to state a viable § 1983 claim against Defendant Richmond County Sheriff's Department because it is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted). Moreover, "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see Bunyon v. Burke Cnty., 285 F. Supp. 2d 1310, 1328-29 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject

to suit). Thus, Plaintiff fails to state a claim against Defendant Richmond County Sheriff's Department because it is not a legal entity subject to liability in a § 1983 suit.

Plaintiff's allegations are also insufficient to state a claim against Defendant Richmond County Sheriff's Department because, "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 781-82 (1978). When performing its duty of law enforcement, a sheriff's department is entitled to Eleventh Amendment immunity. Townsend v. Coffee Cnty., Ga., 854 F. Supp. 2d 1345, 1352 (S.D. Ga. 2011) (dismissing § 1983 claims against a sheriff because the he was performing his law-enforcement function and "the state alone . . . has delegated to the sheriff's office the specific duty of law enforcement"). Accordingly, the Eleventh Amendment shields Defendant Richmond County Sheriff's Department from liability on Plaintiff's claims. For these reasons, the Court recommends Defendant Richmond County Sheriff's Department's motions to dismiss be granted.

### 3. Plaintiff Fails to State a Claim Against District Attorney Wright.

Plaintiff has failed to state a claim against District Attorney Wright because, although she is a named defendant, Plaintiff fails to mention any specific wrongdoing by District Attorney Wright in his statement of claim. (See doc. nos. 1-3.) Plaintiff's failure to connect District Attorney Wright with a specific constitutional violation necessitates dismissal of her from the case. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).

Plaintiff also fails to state a claim against District Attorney Wright because she is entitled to absolute immunity. "A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Id. (citation omitted); see also Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) ("In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009)).

Here, Plaintiff fails to allege any wrongdoing by District Attorney Wright aside from his conclusory allegations of conspiracy addressed and dismissed *supra*. Plaintiff never argues District Attorney Wright acted outside of her role as a prosecutor and advocate for the government. The only actions Plaintiff alleges could arguably be attributed to District Attorney Wright are the convening of a grand jury and the obtaining of wiretap and arrest warrants, all of which are undoubtedly within the scope of District Attorney Wright's prosecutorial role. (See doc. nos. 1-3.) Accordingly, Plaintiff has failed to state a claim against District Attorney Wright because she is entitled to absolute immunity.

Even if District Attorney Wright were not entitled to absolute immunity, she would still be entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v.

Fitzgerald, 457 U.S. 800, 818 (1982)). A defendant carries the initial burden of showing that the contested actions fall within his discretionary authority, then the burden shifts to the plaintiff to show (1) violation of a constitutional right; and (2) the right violated was clearly established at the time. Gilmore v. Hodges, 738 F.3d 266, 272 (11th Cir. 2013) (citing Pearson, 555 U.S. at 232). Courts may assume for the sake of argument that a constitution violation occurred and grant summary judgment based on a finding that the right was not clearly established. Pearson, 555 U.S at 236.

Here, even presuming *arguendo* Plaintiff has adequately pled a violation of his constitutional rights, which he has not, Plaintiff cannot point to any judicial decision of the U.S. Supreme Court, the Eleventh Circuit, or the Supreme Court of Georgia that clearly establishes District Attorney Wright's alleged conduct violated his constitutional rights. Plaintiff cannot point to any law establishing District Attorney Wright's alleged conduct violated his constitutional rights, and as the Eleventh Circuit has already determined, Plaintiff's constitutional rights were not violated in the circumstances surrounding his extradition to face criminal charges in the Southern District of Georgia. Ceja, 543 F. App'x at 954. Accordingly, because District Attorney Wright is also entitled to qualified immunity, Plaintiff has failed to state a claim against her. For these reasons, the Court recommends District Attorney Wright's motion to dismiss be granted.

### 4.     **Plaintiff Fails to State a Claim Against Officer Danko.**

Regardless of whether Plaintiff intends to sue Officer Danko under § 1983 or Bivens, he fails to state a claim. Plaintiff alleges Officer Danko is guilty of conspiracy, but as

discussed *supra*, Plaintiff fails to state a conspiracy claim against any Defendant. Aside from his conspiracy claim, Plaintiff only alleges Officer Danko released Plaintiff after arrest, and Officer Danko prepared a "warrant affidavit to secure . . . [an] arrest warrant," after Plaintiff fled to Mexico. (Doc. no. 2, p. 3.) Neither allegation against Officer Danko alleges the deprivation of a constitutional right needed to state a claim under 42 U.SC. § 1983 or Bivens. See West v. Adkins, 487 U.S. 42, 48 (1988); Ashcroft, 556 U.S. at 675-76. Accordingly, Plaintiff fails to state a claim against Officer Danko and he should be dismissed.

Officer Danko is also entitled to qualified immunity. Plaintiff cannot point to any law establishing Officer Danko's alleged conduct violated his constitutional rights, and as the Eleventh Circuit has already determined, Plaintiff's constitutional rights were not violated in the circumstances surrounding his extradition to face criminal charges in the Southern District of Georgia. Ceja, 543 F. App'x at 954. Because Officer Danko is also entitled to qualified immunity, Plaintiff has failed to state a claim against him. For these reasons the Court recommends Officer Danko's motion to dismiss be granted.

### D. Defendant Strength Should Be Dismissed.

On August 10, 2016, because Defendant Strength had not been served, the Court ordered Plaintiff to explain the reasons for the delay in service and reminded Plaintiff he was responsible for serving Defendant Strength. (Doc. no. 29.) Plaintiff responded to the Court's order and requested additional time to serve Defendant Strength, and the Court granted Plaintiff thirty additional days to serve Defendant Strength. (Doc. nos. 32, 50.) The Court specifically cautioned Plaintiff that if there was no proof of service at the expiration of the

thirty-day period, the Court would recommend Defendant Strength be dismissed from the case. (Doc. no. 50, p. 3.) The time to respond has passed, and there is no proof Plaintiff served Defendant Strength.

Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996). Thus, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Here, despite being granted an additional period to serve Defendant Strength, Plaintiff has failed to do so. Plaintiff has not shown good cause for failing to timely effect service and the Court finds no other circumstances warrant an extension of the service period. Accordingly, the Court recommends Plaintiff's claims against Defendant Strength be dismissed for failure to timely effect service and Defendant Strength be dismissed from this case.

### E. Plaintiff is Not Entitled to Default Judgment Against Officer Danko.

Plaintiff argues he is entitled to default judgment because Officer Danko failed to timely respond to his complaint after the attorney for Defendant Richmond County Sheriff's Department erroneously waived service for Officer Danko. (Doc. nos. 9, 13, 22.) Officer Danko argues his response was timely because he is being sued as a federal DEA officer and was entitled to sixty days from the date of service to file his answer. (Doc. no. 26.)

Regardless of whether Plaintiff is entitled to default judgment, a Court may set aside an entry of default for good cause under Fed. R. Civ. P. 55(c). Heaton v. Bonacker & Leigh,

14

173 F.R.D. 533, 535 (M.D. Ala. 1997). This standard considers whether the default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Other factors include the public interest, significance of financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Id. Entry of a default judgment must be justified by "exceptional circumstances," and a party must demonstrate that a delayed response caused prejudice. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). There is a strong policy of determining cases on their merits and default judgments are disfavored. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

Plaintiff has not shown Officer Danko's allegedly late response prejudiced him in any way. Furthermore, as discussed, Plaintiff has failed to state a claim against any Defendant and his claims fail on the merits. Accordingly, Plaintiff is not entitled to default judgment and the Court recommends his motion for default judgment be denied. See Wahl, 773 F.2d at 1174 ("The strong preference that cases be heard on the merits and the fact that [the] claims against most of the defendants were facially invalid lead us to conclude that the failure to enter a default judgment was not an abuse of discretion.").

### F. Plaintiff's Motion for Judicial Notice Should Be Denied.

Finally, the Court turns its attention to Plaintiff's Motion for "Leave to File Judicial Notice." (Doc. no. 39.) Pursuant to the Federal Rules of Evidence, the Court may only take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1)

15

generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). The Eleventh Circuit has explained that "the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997).

Plaintiff requests judicial notice of several allegations related to his mail at USP Atwater. (Doc. no. 39, pp. 1-2). Specifically, Plaintiff seeks judicial notice that some of his mail and motions have not reached their destinations, and alleges mail from Defendant Richmond County Sheriff's Department is not properly identified as legal mail. Such matters are clearly not "generally known within the jurisdiction" of this Court or "capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Thus, the Court cannot take judicial notice of the facts requested by Plaintiff and his motion should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motions to dismiss be **GRANTED** (doc. nos. 11, 15, 27, 37), Defendant Strength be **DISMISSED** for Plaintiff's failure to timely effect service, Plaintiff's motions for default judgment and for judicial notice be **DENIED** (doc. nos. 22, 39), final judgment be **ENTERED**

in favor of Defendants, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 8th day of December, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA